UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **NATHAN A. GRAHAM,** | ) | **CASE NO.  3:07CV1313** |
| | ) | |
| Petitioner, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **MARGARET BAGLEY, Warden,** | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Respondent. | ) | **ORDER** |

The instant matter is before the Court upon Petitioner Nathan A. Graham's ("Graham") Petition for Writ of Habeas Corpus, which he filed pursuant to 28 U.S.C. § 2254. (Dkt. # 1.)

On July 2, 2007, this case was automatically referred to Magistrate Judge William H. Baughman, Jr. for preparation of a report and recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1. (Dkt. # 3.) On July 1, 2008, the Magistrate Judge issued a Report and Recommendation (Dkt. # 24), in which he recommends that the Court dismiss Graham's Petition as untimely because he failed to file it within the one-year limitations period provided for by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d) (2006).

Graham has timely filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. # 26.) Graham essentially objects to the Magistrate Judge's findings that (1) Graham is not entitled to equitable tolling and (2) Graham has failed to

1

demonstrate actual innocence. For the following reasons, the Court finds that Graham's objections are without merit.

## I. ANALYSIS

### A. Equitable Tolling

First, Graham insists that he is entitled to equitable tolling. The Magistrate Judge correctly found that Graham's Petition is untimely and that he is not entitled to equitable tolling:

> Graham's one-year limitations period began running on January 13, 2002, or 45 days after the Ohio appeals court affirmed his conviction and Graham chose not to appeal to the Ohio Supreme Court. The limitations period was tolled by Graham's timely filed Rule 26(B) application and by the resulting motion to reconsider its denial. However, *Graham's next two post-conviction motions, filed in March, 2003, were found to be untimely filed and so did not toll the limitations period*. Thus, the September, 2004, motion to correct his sentence was already beyond the one-year federal limitations period and so, like all Graham's subsequent state filings, was of no effect on that period.

(Dkt. # 24, at 14 (emphasis added).) As the Magistrate Judge explained, Graham's 2003 post-conviction motions were untimely because, under Ohio law, a litigant seeking to file a delayed motion for a new trial must first file a motion for leave to file such a delayed motion. (Dkt. # 24, at 16.) The State Court found that Graham had neither filed first for leave nor had he shown a reason as to why his motion for a new trial was late. As a result, said motion was untimely and did not toll AEDPA's one-year limitations period. See 28 U.S.C. § 2244(d) (2006). Consequently, Graham filed his Petition for the Writ of Habeas Corpus after AEDPA's one-year limitations period had expired.

**1. Procedural-Default Analysis**

Magistrate Judge Baughman analyzed the timeliness of Graham's Petition in the context of a procedural default (Dkt # 24, at 16–18), and found that Graham had failed to demonstrate that "some objective factor external to him was the cause of his failure to first file the motion for leave." (Dkt. # 24, at 17 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).) Consequently, there was no basis to excuse Graham's procedural failure under the cause-and-prejudice analysis. (Dkt. # 24, at 17.) The Magistrate Judge utilized this analytical framework, sua sponte, because he deemed it to be "the only proper way to examine the facts of record." (Dkt. # 24, at 17.) The Court has reviewed the Magistrate Judge's analysis and finds that it is well-founded. Graham's procedural-default objections are without merit.

**2. Equitable-Tolling Analysis under Lawrence and Andrews**

Graham claims that he is entitled to equitable tolling, and that the Magistrate Judge erred by applying the Sixth Circuit's rigorous five-prong equitable-tolling analysis rather than the Supreme Court's two-prong analysis. The Court finds that, under either analytical framework, Graham is not entitled to equitable tolling. In Lawrence v. Florida, 549 U.S. 327 (2007), the Supreme Court stated that a federal habeas petitioner seeking equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing."[1]

---

[1] As the Magistrate Judge notes, the Supreme Court in Lawrence stated explicitly that it has not determined whether equitable tolling is applicable to the AEDPA statute of limitations. See Lawrence, 549 U.S. at 336 ("We have not decided whether § 2244(d) allows for equitable tolling."). However, the Supreme Court assumed the availability of equitable tolling under § 2244 for the limited purpose of showing that the petitioner was not entitled to such tolling. Accordingly, in the instant matter, the Court will make the same assumption for the same limited purpose.

3

Id. at 336 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

The Sixth Circuit has concluded that equitable tolling is available in habeas cases, and has instructed courts to apply the five factors set forth in Andrews v. Orr, 851 F.2d 146, 151 (6th Cir. 1988), to determine whether to equitably toll the limitations period. See Keenan v. Bagley, 400 F.3d 417, 421 (6th Cir. 2005); Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). The Andrews equitable-tolling factors are: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement."[2] Andrews, 851 F.2d at 151. The Sixth Circuit has indicated that these factors are not necessarily comprehensive or always relevant, and that courts are to consider equitable tolling claims on a case-by-case basis. Keenan, 400 F.3d 417, 421 (citing King v. Bell, 378 F.3d 550, 553 (6th Cir. 2005)).

Under either standard, Graham is not entitled to equitable tolling. Under both the Lawrence and Andrews equitable-tolling analytical frameworks, the petitioner bears the burden of demonstrating that he is entitled to equitable tolling. Starks v. United States, No. 4:04-CV-2296, 2007 U.S. Dist. LEXIS 36255, at *6–7 (N.D. Ohio May 17, 2007) (quoting Allen, 366 F.3d at 401). Graham has failed to carry this burden. As the Magistrate Judge stated, "Graham has not shown anywhere in this record a basis for

---

[2] After Pace and Lawrence, some district courts in the Sixth Circuit have adopted the Supreme Court's two-prong test to analyze a petitioner's right to equitable tolling of a federal one-year statute of limitations. See e.g., Thomas v. Webb, No. 3:05CV-P794-H, 2007 U.S. Dist. LEXIS 13381, at *2 (W.D. Ky. Feb. 23, 2007) (finding that the Supreme Court in Pace overruled the Sixth Circuit's five-factor analysis set forth in Andrews). Here, the Court will employ both analytical frameworks to determine whether Graham is entitled to equitable tolling.

concluding that anything beyond himself was responsible for his failure to first file a motion for leave . . . ." (Dkt. 24, at 17–18.) The Court has reviewed the Magistrate Judge's analysis and finds that it is well-founded. Moreover, under the <u>Lawrence</u> standard, Graham has failed to show that some extraordinary circumstance prevented timely filing. Graham's claims that the state impaired his ability to obtain evidence are not convincing. Thus, Graham's objections lack merit and he is not entitled to equitable tolling.

### B. Actual Innocence

Second, Graham insists that, despite the fact that his Petition is untimely, the Court should nonetheless reach the merits of his claims because he has made a credible showing of actual innocence. In <u>Souter v. Jones</u>, 395 F.3d 577, 602 (6th Cir. 2005), the Sixth Circuit stated that it is appropriate for a court to equitably toll the statute of limitations period based on a credible showing of actual innocence. In order to make this showing, a petitioner whose habeas claims are time-barred will be entitled to argue the merits of those claims if he can demonstrate—using new, reliable evidence not presented at trial—that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. <u>Id.</u> at 590, 602 (citing <u>Schulp v. Delo</u>, 513 U.S. 298, 327 (1995)).

The Magistrate Judge found that the evidence on which Graham relies for his claim of actual innocence "is not the new, reliable evidence not available at trial that makes it more likely than not that no reasonable juror would have found Graham guilty beyond a reasonable doubt." (Dkt. # 24, at 19–20.) As the Magistrate Judge observed,

5

> While some parts of this 13 year-old victim's recollections seem to minimize, but not eliminate, Graham's role in her ordeal, placing her imperfect memory, impaired by admitted first-time drug-taking, before a jury along with the clearer, more certain testimony of those who directly implicated Graham does not yield the conclusion that any reasonable juror would have acquitted Graham.

(Dkt. # 24, at 19.) The Court has reviewed the Magistrate Judge's analysis and finds that it is well-founded.

## II. CONCLUSION

For the forgoing reasons, the Court finds that Graham's objections are without merit. The Court has reviewed the Magistrate Judge's Report and Recommendation <u>de novo</u> and finds that it is well-founded. Thus, the Court hereby **ADOPTS** Magistrate Judge Baughman's Report and Recommendation (Dkt. # 24). Accordingly, Graham's Petition for Writ of Habeas Corpus (Dkt. # 1), which he filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**.

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus – April 13, 2009**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**